UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANA MARIA RAVINES DE SCHUR,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES DAHLQVIST,<br><br>Defendant. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE**<br><br>Case No. 2:22-cv-00054<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Ana Maria Ravines de Schur, proceeding *in forma pauperis*, filed this action against Charles Dahlqvist. (*See* Compl., Doc. No. 11.) On January 31, 2022, the court identified deficiencies in the complaint and ordered Ms. Ravines de Schur to file an amended complaint by February 14, 2022.[1] (Order Granting IFP and Order to Amend, Doc. No. 10.) The court noted failure to file an amended complaint would result in a recommendation to dismiss this action. (*Id.*) Ms. Ravines de Schur did not file an amended complaint by the deadline set in the court's order or anytime thereafter.[2]

For the reasons explained below, Ms. Ravines de Schur's complaint fails to state a claim on which relief may be granted. Because Ms. Ravines de Schur failed to comply with the court's

---

[1] This order was issued by Magistrate Judge Cecilia Romero. On February 9, 2022, this case was transferred to District Judge David Barlow, who referred the case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Order Transferring Cases, Doc. No. 24.)

[2] Ms. Ravines de Schur has filed several other documents, including various motions, (Doc. Nos. 13 and 22), and miscellaneous articles, pamphlets, and letters, (Doc. Nos. 13–15, 21).

1

order to amend her complaint, further opportunities to amend would be futile. Therefore, the undersigned recommends the district judge dismiss this action with prejudice.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may dismiss the case if it determines the complaint "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (internal quotation marks omitted).

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  This standard applies to "'claim[s] based on an indisputably meritless legal theory' or 'claims describing fantastic or delusional scenarios.'" *Johnson v. Doe*, 741 F. App'x 573, 576 (10th Cir. July 10, 2018) (unpublished) (alteration in original) (quoting *Neitzke*, 490 U.S. at 327)).

Because Ms. Ravines de Schur proceed pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

As set forth in the court's prior order, Ms. Ravines de Schur's complaint is deficient for the following reasons:

> Plaintiff's pleading contains a host of accusations to support an alleged
> deprivations and harms related to unpaid child support and German court orders

3

> (ECF 2).  Her allegations against the named defendant, Charles Dahlviqst (Defendant) in his role as the "German Honorary Consul to the State of Utah" stem from a meeting she had with him in 1999 (ECF 2).  While Plaintiff "calls upon the court to enforce 22 U.S. Code § 4304b -Crimes committed by diplomats," the majority of her complaint contains allegations of conspiracies and threats against her by the "LDS Church" with specific allegations going back nearly 22 years—not allegations of criminal behavior.  The complaint and accompanying exhibits contain no specific cause of action or complaint against the LDS Church or other persons referenced throughout the complaint.  In short, Plaintiff's complaint against the Defendant is frivolous.  First, there is no interpretation of these assertions, along with the cadre of others she makes, that even under the most liberal construction possibly afforded a pro se plaintiff by which the court can decipher a cognizable claim against Defendant.  Moreover, it is well-established that federal courts lack jurisdiction over "the whole subject of the domestic relations of husband and wife." *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (quotations omitted).  Family relations are traditionally a matter of state law and federal courts do not have jurisdiction to resolve substantive family law issues.  *United States v. Bigford*, 365 F.3d 859, 869 (10th Cir. 2004).  The court would therefore not have jurisdiction over Plaintiff's claims regarding the child support issue and the remainder of Plaintiff's complaint centers on assertions of conspiracy and a collection of factual allegations against other people and entities, not Defendant.

(Order Granting IFP and Order to Amend 3–4, Doc. No. 10.)

Additionally, none of the criminal statutes which Ms. Ravines de Schur seeks to "enforce," (*see* Compl., Doc. No. 11 at 4), contain a private right of action.  *See* 18 U.S.C. § 16 (defining "crime of violence"); 18 U.S.C. § 873 (addressing blackmail); 18 U.S.C. § 241 (addressing "conspiracy against rights").  Without such a right, criminal statutes "cannot be enforced in a private civil action." *Gallacher v. Kisner*, No. 2:08-cv-845, 2009 U.S. Dist. LEXIS 68000, at *13 (D. Utah June 25, 2009) (unpublished).  The other statutes cited do not appear applicable to the facts alleged.  *See* 15 U.S.C. § 1692d (prohibiting harassment or abuse by debt collectors); 22 U.S.C. § 4304b (requiring the Secretary of State to prepare annual reports on crimes committed by diplomats).  Ms. Ravines de Schur also cites the First Amendment to the United States Constitution, but she does not assert claims against state or federal actors.  *See*

*How v. City of Baxter Springs*, 217 F. App'x 787, 791 n.3 (10th Cir. 2007) (unpublished) ("The First Amendment . . . requires state action.").

For all these reasons, Ms. Ravines de Schur's complaint is frivolous and fails to state a plausible claim for relief under Rule 12(b)(6). Because Ms. Ravines de Schur failed to comply with the court's order to amend her complaint, further opportunities to amend would be futile, and dismissal with prejudice is appropriate.

## RECOMMENDATION

Where Ms. Ravines de Schur's complaint is frivolous, it fails to state a plausible claim for relief under Rule 12(b)(6), and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action with prejudice. The court will send this Report and Recommendation to Ms. Ravines de Schur, who is notified of her right to object to it. Ms. Ravines de Schur must file any objection within fourteen (14) days of service. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of April, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge